UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JESSE CAISSE,<br><br>     Petitioner,<br><br>     v.<br><br>MATTHEW DIVRIS,<br><br>     Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>NO. 4:20-cv-11432-TSH |

## ORDER ON RESPONDENT'S MOTION TO DISMISS (Docket No. 16)

### December 16, 2020

  Jesse Caisse ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). Respondent moved to dismiss for Petitioner's failure to exhaust state remedies on October 28, 2020. (Docket No. 16). As of December 16, 2020, no opposition has been filed.

  Petitioner was convicted on July 19, 2017 in Hampden County Superior Court of three counts of indecent assault and battery on a child over 14. He was sentenced to a term of imprisonment of 54 to 60 months on each count, to be served consecutively. He appealed the conviction on three grounds:

> "1. Whether the trial court violated the Defendant's right to compulsory process and the right to present a defense when it denied his request for an order allowing him to interview his daughter, who was a percipient witness to two of the charged acts and was in the care of DCF?
>
> 2. Whether there was a substantial risk of the miscarriage of justice when the Commonwealth in its closing argument referred to highly prejudicial, stricken testimony and used rhetorical questions to shift

1

>   the burden of proof to the Defendant, to vouch for the credibility of Complainant, and to comment on the Defendant's not testifying at trial?
>
> 3. Whether the trial court erred when it denied the Defendant's motion for required finding of not guilty on the first and third charges against the Defendant, as the two acts, as a matter of law, were not separate and distinct?"
>
> (Pet'r's App. Br. at 11, Docket No. 17-1 at 31).

The Massachusetts Court of Appeals affirmed. *Commonwealth v. Caisse*, 95 Mass.App.Ct. 1114, 2019 WL 2172789 at *1 (Mass. App. Ct. May 20, 2019).

Petitioner next filed an application for leave to obtain further appellate review (ALOFAR) with the Massachusetts Supreme Judicial Court (SJC). However, he only asked the SJC to review two of the three issues he had raised with the appeals court: whether the superior court's denial of his request to interview a minor witness violated his right to due process and whether the prosecution's closing argument violated his Fifth Amendment right against self-incrimination and his Sixth Amendment right to due process. (Pet'r's ALOFAR, Docket No. 17-1 at 85-112). Therefore, the SJC never considered the Petitioner's argument that Count 1 and Count 3 were a single act for which he could not be punished twice.

Petitioner's ALOFAR was denied. 482 Mass. 1106, 130 N.E. 3d 162 (Table). Rebuffed by the SJC, Petitioner sought a writ of habeas corpus in federal court. (Docket No. 1). His petition includes both claims from the ALOFAR and revives the double jeopardy claim that was presented to the appellate court, but not the SJC. (*Id*. at 5-8). As he did before the state appellate court, the Petitioner claims that "[t]wo of the offenses alleged should have considered the same act as they were allegedly committed so close in time and space that judicial fairness would demand such." (*Id.* at 8).

Respondent asks the Court to dismiss the petition unless the Petitioner voluntarily withdraws the unexhausted double jeopardy claim.

## Discussion

"The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption in judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). It requires a petitioner convicted of a state crime to "present, or do his best to present, his federal claim to the state's highest tribunal" before seeking federal relief. *Adelson v. DiPaola*, 131 F.3d 259, 263 (1st Cir. 1997). To satisfy the exhaustion doctrine, a habeas petitioner "must demonstrate that he tendered each claim to the state courts 'in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" *Id*. at 262 (citing *Scarpa v. Dubois*, 38 F.3d 1,6 (1st Cir. 1994)). In *Lundy*, the Supreme Court established a rule requiring federal district courts to dismiss mixed habeas petitions "containing both exhausted and unexhausted claims." *Id*. at 519.

The ALOFAR is the decisive pleading that a federal court uses to determine whether a petitioner has exhausted his available state court remedies for each federal claim that a habeas petition raises. *Adelson* at 263. The federal claim can be raised multiple ways, including citing a specific constitutional provision; relying on federal constitutional precedent; or claiming a protected constitutional right. *See, e.g. Nadworny v. Fair*, 872 F.2d 1093, 1096-1101 (1st Cir. 1989).

The Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishments for the same offense. U.S. Const. amend. V, cl. 2. At trial and on appeal, the Petitioner contended that Count 1 and Count 3 were not separate and distinct acts of indecent assault and battery because they occurred within a short period of time and in close physical proximity on the

3

victim's body.  *Commonwealth v. Caisse*, 2019 WL 2172789 at *4 (Mass. App. Ct. May 20, 2019).  Count 1 was predicated on Petitioner's touching the victim's bare vagina and Count 3 was predicated on the Petitioner's removing his hand and touching the victim's inner thigh over her clothing.  *Id*.

Petitioner's ALOFAR recounts the conduct that formed the basis of Counts 1 and 3 in detail in the Statement of Facts but does not disclose the double jeopardy claim in the list of Issues Presented, as he did in his appellate brief.  (Compare Pet'r's ALOFAR, Docket No. 17-1 at 91-92, 102 with Pet'r's App. Br., Docket No. 17-1 at 31).  Nor does he argue that Counts 1 and 3 were part of the same offense when referring to them as the "charged acts" in the context of his claim that the trial court improperly refused to order an interview with the minor witness.  (*Id*. at 94).  In fact, there is no discussion of the Double Jeopardy Clause anywhere in Petitioner's ALOFAR.  Finally, because Petitioner never responded to the Respondent's Motion to Dismiss, he has not provided a justification that might excuse this procedural default.

Raising a claim with the Massachusetts Court of Appeals, omitting it before the Massachusetts Supreme Judicial Court, and then resurrecting it in federal court does not comply with the tenets of the exhaustion doctrine.  This is a mixed petition that cannot move forward as it is currently constituted.  Accordingly, Petitioner shall voluntarily withdraw his unexhausted claim within 21 days of this Order, or I will grant Respondent's Motion to Dismiss (Docket No. 16) for failure to exhaust state remedies, and judgment shall be entered dismissing the petition.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**
